FILED

October 31, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:00 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Stephen Partilla | ) | Docket No.  2016-03-0502 |
| | ) | |
| v. | ) | |
| | ) | State File No.  16161-2016 |
| Velocity Ventures, Inc., et al. | ) | 21649-2016 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

---

### Affirmed and Remanded – Filed October 31, 2016

---

In this interlocutory appeal, the employer contests the trial court's award of medical and temporary disability benefits following the employee's alleged work-related lumbar injuries.  The employee had a pre-existing lumbar condition for which he underwent two surgeries and for which he continued to take medication.  The employee contends he subsequently suffered two work-related injuries in the course and scope of his work with the employer.  He was examined by a physician he selected from a panel, who recommended and subsequently performed a lumbar fusion.  Based on the report of an independent medical evaluation, the employer denied compensability of both injuries.  Following an expedited hearing, the trial court determined the employee would likely prevail at a trial on the merits and awarded medical and temporary disability benefits.  The employer has appealed.  We affirm the trial court's determination and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Timothy W. Conner joined.

Todd I. Heird, Knoxville, Tennessee, for the employer-appellant, Velocity Ventures, Inc.

Jonathan Doolan, Knoxville, Tennessee, for the employee-appellee, Stephen Partilla

**Factual and Procedural Background**

Stephen Partilla ("Employee"), a forty-four-year-old resident of Knox County, Tennessee, alleges an injury to his low back arising out of and in the course and scope of his employment with Velocity Ventures, Inc. ("Employer"). Specifically, he alleges that on February 24, 2016, he removed a truck tire from a tire balancer and felt a "pop" in his low back, which immediately caused pain and "aggravated" symptoms in his right leg. He did not report his injury immediately, as his supervisor was absent. The next day, due to increasingly intense pain, he sought treatment with his primary care physician, Dr. Jonathan Dee, who had treated Employee for chronic back pain over the course of several years. Dr. Dee obtained x-rays and ordered an MRI, but the record of the February 25, 2016 visit does not mention any recent work-related incident. Employee reported the injury to Employer the following week, but Employer did not provide a panel of physicians at that time.

Employee continued working with daily symptoms until March 10, 2016, when he felt another "pop" in his low back while removing a wheel from a pickup truck. His leg went numb, he suffered a loss of bladder control, and he dropped to the ground where he remained for about 20 minutes. According to Employee, his supervisor, Terry Williams, the assistant manager, "Charles," and another coworker, Wayne Carlisle, observed him on the ground and provided assistance. Employee described the incident to the assistant manager and requested a panel of physicians. Employer offered him a panel of physicians from which he selected Dr. James K. Maguire as his authorized treating physician, and Employer initiated temporary disability benefits.

Dr. Maguire first examined Employee on April 5, 2016, at which time he reviewed the MRI obtained following Employee's February 25, 2016 visit with Dr. Dees. He noted a small recurrent disc herniation on the right at the L5-S1 level and diagnosed intervertebral disc disorders with myelopathy and radiculopathy in the lumbar region. He ordered a new MRI due to the March 10, 2016 injury and took Employee out of work.

Employee returned to Dr. Maguire on April 12, 2016. Dr. Maguire noted the repeat MRI showed evidence of recurrent disc herniation at the L5-S1 level on the right "in addition to his chronic postoperative changes." In his April 12, 2016 report, Dr. Maguire stated:

> I suspect that his symptoms involving his right lower extremity are secondary to a combination of foraminal stenosis and now with a new recurrent disk herniation on the right side at [L]5-[S]1. . . . There is apparently some issue as to whether or not this is work related or not. I have reviewed his studies and reviewed his case and I think that one could make a justification that his problem at the [L]5-[S]1 level and the recurrent disk herniation on the right side is acute and is what has produced his

current symptoms. He had this on his MRI of 03/08 and so I would attribute this actually to his on-the-job injury that occurred 02/24. . . . I think that surgery would be a reasonable option under the circumstances. . . . As to causation, I do think it is reasonable to attribute this to the accident that occurred on 02/24 being greater than 51% of why he has the significant pain that he has now.

The April 12, 2016 report also noted that Dr. Maguire discussed operative versus non-operative treatment, and that Employee opted to proceed with surgery. In the interim, Dr. Maguire assigned temporary restrictions of no lifting greater than fifteen pounds and no repetitive stooping or bending.

Employer continued to provide medical treatment and temporary disability benefits pending an independent evaluation it arranged with Dr. Edward Kahn to examine Employee on May 4, 2016. Following the examination and a review of the medical records, Dr. Kahn diagnosed "acute on chronic back and right leg pain." Addressing causation, Dr. Kahn stated:

[I]t is hard for me to ascribe his current complaints to his work injuries of February 24, 2016 and March 10, 2016. At most he suffered an acute exacerbation of a pre-existing problem. It is my opinion his current complaints do not cross the 50% threshold for an acute injury. While he may benefit from surgical intervention, I do not believe his current employer is responsible for the chronic condition that he suffers from.

Upon Employer's receipt of Dr. Kahn's report, Employer denied further benefits.

Dr. Maguire performed a decompression and instrumented lumbar fusion at L5-S1 on June 6, 2016, and he took Employee out of work following the surgery. Post-operatively, Employee reported improvement in his symptoms with elimination of his leg pain. On July 19, 2016, Employee reported to Dr. Maguire that he was doing well. The report of that visit reflects that Dr. Maguire told Employee he should "remain out of work in the interim" and follow up in two months. At the expedited hearing, Employee testified Employer failed to accommodate his restrictions and subsequently terminated his employment. He stated in an affidavit that he last worked for Employer on April 5, 2016.

Employee acknowledged he sustained a previous injury to his low back in 2004 while working as an auto mechanic and had undergone an L5-S1 hemilaminectomy in August of that year. Post-operatively, his treating physician assigned work restrictions proscribing heavy lifting. Employee continued to experience significant lumbar and leg complaints following the 2004 surgery, and in August 2008 he underwent a second L5-S1 discectomy and decompression. Following the second surgery, Employee continued to treat for lumbar and right leg pain, and he received periodic steroid injections. He was

3

prescribed narcotic pain medication from the date of his 2004 surgery and was continuing to take the medications at the time of the February and March 2016 work incidents.

While acknowledging his pre-existing lumbar condition, Employee testified his prior low back complaints and pain did not prevent him from performing his job duties or daily activities, stating that, with pain medication, he remained extremely active at work and at home. He testified that following the February 24, 2016 and March 10, 2016 incidents, his back and right leg pain were "greatly amplified," and that he experienced difficulty bending over, sitting or standing for long time periods, and putting on or removing his shoes.

Following the expedited hearing, the trial court determined that Employee established he sustained an injury to his low back and right leg "caused by a specific incident, or set of incidents" that were "identifiable by time and place of occurrence." After considering the medical records, the trial court found "Dr. Maguire's opinion more persuasive and conclude[ed] Dr. Kahn's opinion failed to rebut the presumption of correctness afforded Dr. Maguire's opinion." Based on these determinations, the trial court determined that Employee "demonstrated he is likely to prevail at a hearing on the merits of whether he sustained an injury on February 24, 2016, and/or March 10, 2016, arising primarily out of and in the course and scope of his employment." The trial court also found Employee was likely to prevail at trial on the issue of temporary disability benefits and ordered Employer to pay those benefits from May 23, 2016 through September 19, 2016, and thereafter in accordance with Tennessee Code Annotated section 50-6-207 (2015). Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

4

**Analysis**

Employer identifies five issues on appeal, all of which, essentially, question whether the evidence was sufficient for the trial court to award medical and temporary disability benefits, and whether Dr. Kahn's report was sufficient to rebut the statutory presumption of correctness applicable to Dr. Maguire's causation opinion.

Employer contends that "[a]s a starting point," Dr. Maguire's statement that "[he] think[s] that one *could* make a justification that [Employee's] problem . . . is acute and is what has produced his current symptoms," does not meet the standard of causation set out in Tennessee Code Annotated section 50-6-102(14) (2015).[1] (Emphasis in original). Employer asserts that the evidence is insufficient to require it to pay for Employee's surgery "where there is no medical record stating [Employee's] injury contributed more than 50% in causing the need for surgery as required by [section 50-6-102(14)(C)]." Employer also argues that the trial court erred in ordering it to pay for Employee's medical care "where Employee failed to present an opinion from a physician that had 'considered all causes' as required by [section 50-6-102(14)(C)]." Additionally, regarding the trial court's ordering Employer to pay for Employee's medical care, Employer contends the trial court erred "in ruling that the presumption of correctness [applicable to Dr. Maguire's causation opinion] was not rebutted where Dr. Maguire did not review Employee's past medical records and also did not consider 'all causes.'" Finally, Employer asserts the trial court erred in ordering it to pay temporary disability benefits "where employee did not satisfy the causation requirements [of section 50-6-102(14)]."

As we have often stated, at an expedited hearing an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2015). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

---

[1] Employer refers to Tennessee Code Annotated section 50-6-102(13) (2015) throughout its position statement on appeal when discussing the definition of injury and the statutory requirements for establishing causation. However, section 50-6-102(13) defines "Employer." We presume Employer intended to cite section 50-6-102(14) (2015), and for that reason we do not reference section 50-6-102(13) in our opinion.

Standing alone, the statement in Dr. Maguire's April 12, 2016 report that he "think[s] that one could make a justification that [Employee's] problem at the [L]5-[S]-1 level and the recurrent disk herniation on the right side is acute and is what has produced his current symptoms," may be insufficient to establish entitlement to benefits prior to trial. However, Dr. Maguire did not limit his causation opinion to this statement. He also stated that the recurrent disc herniation at the right L5-S1 level was noted on the March 8, 2016 MRI "and so [he] would attribute this actually to his on-the-job injury that occurred on [February 24, 2016]." Indeed, Dr. Maguire specifically addressed causation in the April 12, 2016 report, stating "I do think it is reasonable to attribute this to the accident that occurred on 02/24 being greater than 51% of why he has the significant pain that he has now." Although Dr. Maguire referenced the February 24, 2016 incident as "being greater than 51% of the [cause of the] significant pain" Employee was experiencing rather than 51% of the cause of the injury, the record aptly supports the trial court's determination that Employee presented sufficient evidence that he would likely prevail at trial in establishing that the injury and his need for medical care and surgery arose primarily out of and in the course and scope of the employment.

Employer also takes issue with the trial court's determination that Dr. Kahn's independent medical evaluation was insufficient to rebut the presumption of correctness afforded to Dr. Maguire's causation opinion pursuant to Tennessee Code Annotated section 50-6-102(14)(E) (2015). As observed by the trial court, it is generally within the judge's discretion to determine which medical expert's opinion to accept when faced with conflicting opinions. *See Payne v. UPS*, No. M2013-02363-SC-R3-WC, 2014 Tenn. LEXIS 1112, at *18 (Tenn. Workers' Comp. Panel Dec. 30, 2014). A trial judge "has the discretion to conclude that the opinion of one expert should be accepted over that of another expert," *Reagan v. Tennplasco*, No. M2005-02020-WC-R3-CV, 2006 Tenn. LEXIS 1209, at *10 (Tenn. Workers' Comp. Panel Dec. 27, 2006) and, "[w]hen faced . . . with conflicting medical testimony . . ., it is within the discretion of the trial judge to conclude that the opinion of certain experts should be accepted over that of other experts and that it contains the more probable explanation." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991) (internal quotation marks omitted).

Thus, with respect to the issue of competing expert medical opinions, we review the trial court's determination under an abuse of discretion standard. This standard "contemplates that before reversal the record must show that a judge 'applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused injustice to the party complaining.'" *Hubbard v. Sherman-Dixie Concrete, Indus.*, No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at *11 (Tenn. Workers' Comp. Panel Oct. 18, 2011) (quoting *State v. Farrell*, 277 S.W.3d 372, 378 (Tenn. 2009)).

In determining that Dr. Kahn's opinion did not rebut the statutory presumption of correctness afforded to Dr. Maguire's opinion, the trial court observed that Dr. Maguire reviewed the same MRI studies considered by Dr. Kahn, was aware of Employee's prior

low back injury and surgeries, and still concluded that Employee's current problems are due to a work-related injury. There is nothing in the record to establish that the trial court applied an incorrect legal standard or reached a decision contrary to logic or reasoning. Thus, the trial court did not abuse its discretion by accepting Dr. Maguire's opinion over that of Dr. Kahn.

While Employer disputes the trial court's award of temporary disability benefits, it does so only in the context of whether such benefits were appropriate in light of its argument that Employee had not presented sufficient evidence to establish his injury is causally related to his employment. Employer does not take issue with the duration or calculation of temporary disability benefits. Having concluded that Employee presented sufficient evidence to establish he is likely to prevail at a hearing on the merits of his claim with respect to causation, we accordingly find no merit in Employer's argument contesting the award of temporary disability benefits.

**Conclusion**

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**FILED**

**October 31, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Stephen Partilla | ) | Docket No. 2016-03-0502 |
| | ) | |
| v. | ) | State File No. 16161-2016 |
| | ) | 21649-2016 |
| Velocity Ventures, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 31st day of October, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Jonathan Doolan** | | | | | X | jonathan@collinsdoolan.com |
| **Todd I. Heird** | | | | | X | tiheird@mijs.com |
| **Pamela B. Johnson, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov